### Ariel E. Peck v. Garrett Snyder.

*Special Verdict.* — A jury may find a special verdict, but the Court cannot: direct or compel them to do so, nor to give reasons for a general finding.

*Case made after verdict of jury and judgment.* — On a case made after verdict of a jury and judgment thereon, this Court cannot review the facts, but only the rulings and decision of the Circuit Court.

*When question to witness becomes immaterial.* — When, on a trial by jury, a witness is asked a question which is objected to, and the objection is overruled by the Court, and exception taken, and the witness answers, "I can't say," the answer renders the question immaterial, and error will not lie for such ruling.

*Heard April 23.    Decided October 27.*

Case made after judgment from Cass Circuit.

This was an action of *assumpsit* brought to recover damages for not building a house and barn according to contract, and was tried by jury. On the trial, a witness for the plaintiff was asked, "What is the difference between the value of the house as it now is, and as it would have been had it been built according to

contract?" The question was objected to as incompetent. The Court overruled the objection, and the defendant excepted. The witness answered, "I can't say."

After the charge to the jury had been given by the Court, the defendant's counsel asked the Court to direct the jury to find specially, and return such finding with their verdict upon these two questions:

"1st. Whether or not, when said plaintiff paid to said defendant, on the 11th day of October, A. D. 1861, the final balance due upon the contract, and took possession of the premises, he, said plaintiff, had not full knowledge that said house and barn were not constructed according to the contract between them, and had the means of knowing the breaches of contract for which damages are claimed."

"2d. Whether or not said defendant was guilty of any fraud by concealing the facts respecting said buildings from said defendant."

The Court refused so to direct the jury: to which ruling of the Court the counsel for the defendant excepted.

*C. I. Walker* and *James Sullivan*, for plaintiff:

This case was made after trial by jury and verdict, and only the questions raised at the trial can be raised here. — 2 *Com. Laws*, §3421; *Rule* 80; *Sweetzer v. Mead*, 5 *Mich.*, 109; *Van Kleek v. Eggleston*, 7 *Mich.*, 511; *Trudo v. Anderson*, 10 *Idem*, 365.

The jury cannot be required to give a special verdict, although they may give one. — 2 *Com. Laws*, §4399; 1 *Burrill's Practice*, 242; *Tidd's Practice*, 897.

Harper's answer to the question put to him did the defendant no injury, and judgment will not be reversed for an answer that does no injury to the party complaining. — *Redpath v. Nottingham*, 3 *Blackf.*, 267.

*D. Blackman*, for defendant.

MARTIN Ch. J.:

I see no error in the rulings of the Circuit Judge in this case; and as the case was tried by jury, it is to the rulings and decision of the Court alone that we shall direct our attention. The finding of facts belonged neither to the Circuit Judge nor to this Court.

I can see but one exception taken below, to which our attention can be directed, and that is, to the refusal of the Judge to direct the jury to find specially, upon certain questions, in case they found a general verdict. This is a novel request. A jury may find a general or a special verdict, according to the exigencies of the case; but 'a Judge cannot direct or compel them to do either, and more particularly, not to give reasons for a general finding. Harper's answer renders the question put to him immaterial, and there was no error, therefore, in the ruling of the Court allowing the question.

The judgment is affirmed.

The other Justices concurred.